UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MOORE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOE LANKFORD, MERCEDES ARELLANO, R. BUCKEL, AND DAVID STROMSKI,<br><br>　　　　　　　　　　Defendants. | Case No.: 19CV2406-DMS (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>**[ECF No. 14]** |

　　　　The instant matter was initiated on December 16, 2019 when Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under the Civil Rights Act 42 U.S.C. § 1983. ECF No. 1; see also ECF No. 6 (order granting Plaintiff's motion to proceed *in forma pauperis*). On May 12, 2020, Defendants filed a Motion to Dismiss. ECF No. 11. Defendants move to dismiss Plaintiff's Complaint on the grounds that "Plaintiff failed to exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a)" and "for failure to state an Eighth Amendment claim upon which relief may be granted." Id. at 2. That same day, the Court issued an order setting briefing schedule requiring Plaintiff to file his opposition to the motion on or before June 22, 2020 and Defendants to reply on or before July 6, 2020. ECF No. 12.

1

On May 26, 2020, Plaintiff submitted a Motion to Amend Complaint that was received by the Court on June 1, 2020 and accepted on discrepancy on June 5, 2020. ECF Nos. 13 & 14. Plaintiff seeks an order from the Court designating the documents submitted with the instant motion as Exhibit B to his complaint [see ECF No. 1]. ECF No. 14 at 2. In support, Plaintiff states that he needs to add Exhibit B to his complaint to "satisfy defendants claim of the plaintiff not satisfying exhausting the administrative means." Id. Plaintiff notes that he was unable to submit the exhibit when he filed his complaint because he only had one year to file his complaint and the "3rd level was not within its time limits." Id. He received the Exhibit after his complaint was filed "due to circumstances beyond [his] control." Id. Plaintiff further notes that the exhibit will address the concerns raised in Defendants' motion to dismiss [see ECF No. 11]. Plaintiff also requests that the Court order Defendants to answer his complaint. Id. at 3.

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course

>   (A) 21 days after serving it, or
>
>   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

"Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Here, Defendants served their Rule 12(b)(6) motion on May 12, 2020. ECF No. 11 at 13. Plaintiff sought to amend his pleading on May 26, 2020, less than twenty-one days later. ECF No. 14. Accordingly, Plaintiff may amend his complaint as a matter of course.

While Plaintiff's motion is entitled Motion to Amend the Complaint, he does not seek to add any new claims or parties and only wishes to supplement his complaint with the attachments to his motion. Pursuant to Fed. R. Civ. P. 15(d), a court in its discretion may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading supplemented." Fed. R. Civ. P. 15(d). The purpose of Fed. R.

Civ. P. 15(d) "is to promote as complete an adjudication of the dispute between the parties as possible." Grano v. Sodexo Management, Inc., 2020 WL 2111898, at *9 (S.D. Cal., May 4, 2020) (quoting William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., 668 F.2d 1014, 1057 (9th Cir. 1981)). A supplemental pleading is designed to bring the action "up to date and to set forth new facts affecting the controversy that may have occurred since the original pleading was filed." Brown v. Deputy No. 1, c, at *6 (S.D. Cal., Oct. 8, 2013) (citing Manning v. City of Auburn, 953 F.3d 1355, 1259–60 (11th Cir. 1992)). "This distinguishes it from an amended pleading, which relates to matters existing when the original pleading was filed." Id. (citing ConnectU LLC v. Zuckerberg, 522 F.3d 82, 90 (1st Cir. 2008)). Plaintiff filed his complaint on December 16, 2019 . ECF No. 1. The first document that he wishes to add to his complaint is a letter from the Office of Appeals Third Level Decision dated March 20, 2020. ECF No. 14 at 4. This letter did not exist prior to the filing of Plaintiff's complaint.[1] Because the remaining documents predate the filing of Plaintiff's complaint, they are not in line with Fed. R. Civ. P. 15(d). However, the paperwork that Plaintiff wishes to use to supplement his complaint is related to the allegations that Plaintiff has made in his complaint, concerns the same parties, and is not intended to superseded his previous complaint, but to supplement it. In light of Plaintiff's *pro se* status and the Court's duty to construe *pro se* pleadings liberally, the Court will consider the exhibits as part of Plaintiff's complaint. See Soares v. Paramo, 2014 WL 4358473, at *1 n.2. (S.D. Cal., Aug. 5, 2014) (noting that plaintiff's supplemental claims were "not technically a supplemental complaint as defined by Fed. R. Civ. P. 15(d)" because they occurred prior to the filing of his original complaint, but finding that "because Plaintiff is proceeding without counsel, and the Court finds the allegations in his Supplemental Pleading are clearly related to those alleged in his original complaint against the same named Defendants, yet are not intended to supersede his previous pleading, it shall consider the claims in Plaintiff's

---

[1] Two of the documents attached to Plaintiff's motion are already included as Exhibits to the complaint. Specifically, Document ECF No. 14 at 15 is already included as an exhibit to the complaint [see ECF No. 1 at 17, Exh. 7] and Document ECF No. 14 at 13 is already included as an exhibit to the complaint [see ECF No. 1 at 20, Exh. 10].

supplemental pleading as though they were included as part of his original complaint.") (citing Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir.2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."); Karim–Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.1988) (where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt)).  Accordingly, Plaintiff's request is **GRANTED,** and he may supplement his complaint.  The Clerk's office is **ORDERED** to add Plaintiff's attachments to the instant motion [see ECF No. 14 at 4-16] to the complaint [see ECF No. 1] as Exhibit B.  The operative pleading in this action is the Complaint and its supplement.  Because Plaintiff's motion has been granted, Defendants' pending motion to dismiss [ECF No. 11] is **DENIED AS MOOT**.  Defendants must respond to Plaintiff's supplemented complaint on or before **June 26, 2020**.

    **IT IS SO ORDERED**.

Dated:  6/12/2020

                                      Hon. Barbara L. Major
                                      United States Magistrate Judge