1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11    ROBERT MOORE,                              Case No.:  19CV2406-DMS (BLM)

12                                   Plaintiff,   **ORDER FOLLOWING IN CAMERA
                                                 REVIEW**
13    v.

14    JOE LANKFORD, MERCEDES ARELLANO, R.
      BUCKEL, AND DAVID STRUMSKI,

15

16                                  Defendants.

17

18

19          On August 16, 2020, Plaintiff submitted a motion to compel that was received on August

20    21, 2020 and accepted on discrepancy on September 4, 2020.  ECF Nos. 25 and 27.  Defendants

21    opposed the motion on September 22, 2020.  ECF No. 30.  Plaintiff replied on September 29,

22    2020.  ECF No. 31

23          On October 22, 2020, the Court issued an Order Denying In Part Plaintiff's Motion for

24    Order Compelling Discovery.  ECF No. 32.  In the order, the Court found that with respect to

25    Interrogatory No. 16 to Defendant Lankford, No. 14 to Defendant Strumski, No. 15 to Defendant

26    Arellano, and No. 16  to  Defendant  Buckel, Defendants satisfied the threshold requirement for

27    application of the Official Information Privilege.  Id. at 11-12.  The Court ordered Defendants to

28    lodge with the Court a copy of the grievances responsive to those interrogatories on or before

1

1     November 6, 2020, so the Court could conduct an *in camera* review and determine whether the

2     Official Information Privilege applies. <u>Id.</u> at 12.

3          On November 5, 2020, in accordance with the Court's order, Defendants lodged their

4     responsive documents. <u>See</u> AGO 3586-3610. The lodged documents indicate that no relevant

5     grievances (as defined by the Court's order, ECF No. 32) were submitted by any inmate against

6     Defendants Arellano, Buckel, and Strumski. <u>Id.</u> at AGO 3586, 3587 & 3610. Defendants

7     identified one relevant grievance submitted against Defendant Lankford. <u>Id.</u> at AGO 3588-3609.

8          After a thorough review, the Court finds that the Official Information Privilege does not

9     prohibit the production of any of the documents that were submitted for *in camera* review. As

10     set forth in the Court's previous order, when a party satisfies the threshold requirement for

11     application of the Official Information Privilege, the Court will conduct an *in camera* review of

12     the requested documents and perform the required balancing analysis to determine the

13     applicability of the Official Information Privilege. ECF No. 32 at 11. The test requires that

14     "courts must weigh the potential benefits of disclosure against the potential disadvantages."

15     <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1033-34 (9th Cir. 1990). In civil rights cases

16     against police departments [or correctional officers], the balancing test should be "moderately

17     pre-weighted in favor of disclosure." <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 613 (N.D. Cal.

18     1995) (quoting <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653, 661. (N.D. Cal. 1987)). With regard

19     to the three documents indicating that there were no relevant grievances filed against

20     Defendants Arellano, Buckel and Strumski, there is no disadvantage to producing those

21     documents and Defendants are ordered to produce them.

22          With regard to the grievance submitted against Defendant Lankford, the Court has

23     considered the <u>Kelly</u> factors.[1] Initially, the Court notes that in the instant case, Plaintiff alleges

24

25     [1] The <u>Kelly</u> court provided a non-exhaustive list of factors (taken from <u>Frankenhauser v. Rizzo</u>,
26     59 F.R.D. 339 (E.D. Pa. 1973)) that may be considered when engaging in this weighing process:
    (1) the extent to which disclosure will thwart governmental processes by discouraging citizens
27     from giving the government information; (2) the impact upon persons who have given
    information of having their identities disclosed; (3) the degree to which government self-
28     evaluation and consequent program improvement will be chilled by disclosure; (4) whether the

19cv2406-DMS (BLM)

1  that he was working in the canteen and he had a work dispute with his supervisor, Defendant

2  Lankford.  ECF No. 1 at 3.  Plaintiff alleges that he told Defendant Lankford that his disability

3  prevented him from doing the work directed by Defendant Lankford and Defendant Lankford

4  responded that he was the boss and Plaintiff had to do what the boss ordered.  Id.  In the third

5  party grievance, the complainant was working in the canteen and alleged that Officer Lankford

6  harassed him and racially discriminated against him and then prevented him from working in

7  the canteen for two months.  AGO 3605-06.  The Court finds that this grievance, while relevant,

8  has minimal importance to Plaintiff's case so this factor mildly favors non-disclosure. On the

9  other hand, Plaintiff's case is non-frivolous and brought in good faith, the discovery is unavailable

10  from other sources, the police investigation in both cases has been completed, Plaintiff is not an

11  actual or potential defendant in a criminal case arising from this incident, and no

12  intradepartmental disciplinary proceedings have arisen.  All of these factors favor disclosure.

13  The Court also finds while the submitted documents contain both factual and evaluative

14  information, the evaluative information is minimal, unlikely to chill government self-evaluation,

15  and does not prejudice Defendants.   Similarly, there is no evidence that disclosure will

16  discourage citizens from giving information and the impact on third parties is minimized because

17  identifying information is redacted.   As a result, in this case, these factors also support

18  disclosure.  Accordingly, the Court finds that the Official Information Privilege does not bar

19  disclosure of the documents submitted to this Court for *in camera* review.  The Court finds that

20  the documents submitted to the Court include irrelevant and personal identifying information

21  and on those grounds directs that the following pages NOT be produced: AOG 3591-3595 and

22  AOG 3601-03.  Defendants are ordered to produce pages AOG 3586-90, AOG 3596-3600, and

24  information sought is factual data or evaluative summary; (5) whether the party seeking the
25  discovery is an actual or potential defendant in any criminal proceeding either pending or
reasonably likely to follow from the incident in question; (6) whether the police investigation has
26  been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may
arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good
27  faith; (9) whether the information sought is available through other discovery or from other
sources; and (10) the importance of the information sought to the plaintiff's case. Kelly, 114
28  F.R.D. at 663.

1   AOG 3604-10 to Plaintiff on or before **November 30, 2020**.   Defendants may redact all

2   personal identifying information from the documents being produced.

3       **IT IS SO ORDERED**.

4   Dated:  11/12/2020

Hon. Barbara L. Major
United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19cv2406-DMS (BLM)