UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MOORE,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOE LANKFORD, MERCEDES ARELLANO, R. BUCKEL, AND DAVID STROMSKI,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 19CV2406-DMS (BLM)<br><br>**ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 37]** |

On June 30, 2020, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, submitted a Motion for Appointment of Counsel that was received on July 6, 2020. ECF Nos. 19 and 20; see also ECF No. 6 (order granting motion to proceed *in forma pauperis*). Plaintiff argued that (1) he was "unable to afford counsel," (2) his imprisonment limited his ability to litigate his case, and (3) "counsel would better enable plaintiff to present evidence and cross examine witnesses." ECF No. 20 at 1-2. On July 9, 2020, the Court denied Plaintiff's motion for failing to allege exceptional circumstances. ECF No. 21.

On August 16, 2020, Plaintiff submitted a second motion for appointment of counsel that was received on August 21, 2020 and accepted on discrepancy on September 4, 2020. ECF Nos. 24 and 26. Plaintiff argued that (1) this is a complex matter involving several different

legal claims, medical issues, and defendants, (2) he has demanded a jury trial, (3) expert testimony will be required, (4) conflicting testimony is likely, (5) he only has a high school diploma and no legal education, and (6) due to COVID-19 he has been unable to access the law library. ECF No. 26 at 3-9. On September 8, 2020, the Court denied Plaintiff's motion for failing to allege exceptional circumstances. ECF No. 29.

On January 5, 2021, Plaintiff submitted a third motion for appointment of counsel that was received on January 8, 2021 and accepted on discrepancy on January 13, 2021. ECF Nos. 36 and 37. In support, Plaintiff argues that (1) this is a complex case with several legal claims and defendants, (2) the case involves medical issues that will require expert testimony, (3) he is being deposed on January 14, 2021 and would like counsel to be present[1], (4) the case will involve conflicting testimony, (5) he does not have any legal education or training and cannot properly present his claims, (6) prison COVID protocols have made his library access nonexistent, (7) his ability to properly investigate the case is hindered by the fact that he is incarcerated, (8) he requested a jury trial which requires greater legal skill than what he possesses, and (9) his case has merit. ECF No. 37.

## **LEGAL STANDARD**

As Plaintiff is aware from the Court's previous orders, the Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

---

[1] Plaintiff argues that the deposition should be postponed until the Court rules on the instant motion. ECF No. 37 at 7.

## DISCUSSION

Thus far, Plaintiff has drafted and submitted several pleadings without the assistance of counsel. See Docket. In addition to the instant Motion, Plaintiff has submitted a Complaint [ECF No. 1], a Prisoner Trust Fund Account Statement [ECF No. 2], a Motion for Extension of Time to File a Motion to Proceed *in forma pauperis* [ECF No. 4], a Motion to Proceed *in forma pauperis* [ECF No. 5], a Motion to Amend the Complaint [ECF No. 14], a Motion for Appointment of Counsel [ECF No. 20], Exhibits [ECF No. 23], a Motion for Appointment of Counsel [ECF No. 26], a Motion to Compel Discovery [ECF No. 27], and a Reply to the Opposition to the Motion to Compel [ECF No. 31]. From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case. Additionally, there is no indication that the issues are overly complex.

While it is too early for the Court to determine Plaintiff's likelihood of success on the merits, Plaintiff fails to establish the requisite "exceptional circumstances" that would warrant appointment of counsel. A plaintiff is only entitled to appointed counsel if he can show "that because of the complexity of the claims he [is] unable to articulate his positions." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), overruled on other grounds, 154 F.3d 952 (9th Cir. 1998) (en banc); see also Taa v. Chase Home Fin., 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (noting that plaintiffs' lack of legal training and poverty did not constitute exceptional circumstances, as these are the types of difficulties many other litigants face in proceeding in *pro se*); Wilborn, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex issues."); see also LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming a district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"). Plaintiff has not established that this case is "exceptional"[2] or that the issues in it are particularly complex.

---

[2] Plaintiff's argument regarding library access due to COVID-19 also fails to establish an

The Court has denied Plaintiff's prior two requests for counsel [See ECF Nos. 21 and 29] and Plaintiff's current request does not provide any new facts justifying the appointment of counsel. ECF No. 37. Because Plaintiff failed to allege the requisite "exceptional circumstances," it is not in the interest of justice to appoint counsel at this time. Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED**. Plaintiff's request to postpone his deposition also is **DENIED**.

**IT IS SO ORDERED.**

Dated: 1/14/2021

Hon. Barbara L. Major
United States Magistrate Judge

---

exceptional circumstance. See Faultry v. Saechao, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel" and noting that the "impacts of the COVID-19 health crisis on prison operations are also common to all prisoners"); see also Snowden v. Yule, 2020 WL 2539229, at *1 (E.D. Cal., May 19, 2020) (noting that "limited access to the prison law library and resources, particularly during the current COVID-19 health crisis" is a circumstance that plaintiff shares with many other prisoners); and Raya v. Barka, 2020 WL 5877848, at *3 (S.D. Cal., Oct. 2, 2020) (noting that "courts in this circuit have declined to find that the COVID-19 pandemic establishes exceptional circumstances") (citing Pitts v. Washington, 2020 WL 2850564, at *1 (W.D. Wash. June 2, 2020) (finding that "[a]lthough Plaintiff contends he is unable to access the law library because of social distancing, this bare assertion does not justify the appointment of counsel at this time, nor does the COVID-19 pandemic") and Montgomery v. Crane, 2020 WL 2848149, at *1 (D. Colo. June 2, 2020) (denying motion for appointment of counsel, and finding that plaintiff's inability to access the law library due to the COVID-19 pandemic was not an exceptional circumstance that justified appointment of counsel because plaintiff could have requested an extension to file his responsive briefing)) .