UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MOORE,<br><br>                    Plaintiff,<br><br>v.<br><br>JOE LANKFORD, MERCEDES ARELLANO, R. BUCKEL, AND DAVID STROMSKI,<br><br>                    Defendants. | Case No.:  19CV2406-DMS (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>**[ECF No. 42]** |

Currently before the Court is Plaintiff's February 25, 2021 Motion To Compel Discovery [ECF No. 42 ("MTC")], Defendant Arellano's March 12, 2021 Opposition to the motion [ECF No. 46 ("Oppo.")], and Plaintiff's March 30, 2021 reply [ECF No. 48 ("Reply")].  For the reasons set forth below, Plaintiff's motion is **DENIED**.

## MOTION TO COMPEL

On November 30, 2020, Plaintiff served his Second Set of Requests for Production of Documents ("RFPs") on Defendant Arellano.  MTC at 2 and 10-12 ("Plaintiff's Decl.") at ¶ 2, Exh. 1; see also Oppo. at 3; ECF No. 46-1, Declaration of Christopher H. Findley In Support of Defendant Arellano's Opposition to Plaintiff's Motion to Compel ("Findley Decl.") at ¶ 5.  The request contained one RFP, which asked Defendant Arellano to "[p]roduce for inspection the

following documents: Copy of the Facility "C" Canteen Log Book from 12-13-17 to 4-30-20." Plaintiff's Decl. at Exh. 1.

As a result of a calendaring error within defense counsel's office, Defendant did not receive notice of the RFP and failed to timely respond. Findley Decl. at ¶ 5. On March 10, 2021, defense counsel received the responsive logs from the prison and produced them to Plaintiff the next day. Id. at ¶ 7. The documents consisted of ninety pages Bates labeled AGO 3612-3701. Id. No documents were withheld based on privacy or privilege. Id. Defendant responded to Plaintiff's RFP by stating "Defendant hereby produces all responsive documents, AGO 3612-3701." Findley Decl. at Exh 1.

In his reply, Plaintiff does not dispute that he received all of the responsive documents. See Reply.

Because Defendant Arellano has produced all responsive documents, Plaintiff's motion to compel a response to the RFP set forth in Plaintiff's Second Set Request for Production of Documents is **DENIED AS MOOT.**

## ADDITIONAL REQUESTS

Plaintiff argues that Defendant Arellano's relevancy objections have been waived by her failure to timely respond to the RFP. MTC at 4. Plaintiff explains that Defendant Arellano failed to respond to his initial request within thirty days and failed to request an extension from Plaintiff or the Court. Id. Defendant admits that her response to this RFP was untimely. Oppo. at 2-3. While there are circumstances in which a failure to respond to a discovery request in a timely manner may result in a waiver of objections, those circumstances are not present in this case and Defendant did not withhold any documents based on an objection or privilege. Findley Decl. at ¶ at 7. As a result, Plaintiff's request is denied as moot.

Defendant Arellano contends that Plaintiff's motion should be denied as untimely because it was required to be filed by February 3, 2021 and was not filed until February 18, 2021. Oppo. at 1, 3-4. Plaintiff objects to this argument, explaining that he repeatedly tried to get a response from Defendant. See Plaintiff's Decl. at ¶¶ 3-7; Reply. Considering Plaintiff's *pro se* and prisoner status, the two meet and confer letters that Plaintiff sent to defense counsel on January 12,

2021[1] and February 2, 2021, and the discussion Plaintiff had with defense counsel during his deposition, the Court denies Defendant's request and has ruled on the merits of Plaintiff's motion.  See O'Brien v. Gularte, 2020 WL 583976, at *1 (S.D. Cal., Feb. 6, 2020) ("The Court agrees that Plaintiff's Motion is untimely. Plaintiff has offered no justification for the delay. The Court could deny Plaintiff's Motion solely due to its untimeliness. However, taking into consideration Plaintiff's pro se and incarcerated status, the pending issues will be addressed on their merits."); see also Garcia v. Cluck, 2013 WL 6441474, at *1 (S.D. Cal., Dec. 9, 2013) (court "choos[ing] to exercise its discretion and address the merits of the motion" where chambers rules required motions regarding written discovery to be filed jointly and within forty-five days of service and plaintiff's motion was *ex parte* and filed late).

      Finally, Plaintiff seeks monetary sanctions from Defendant Arellano for her failure to produce the requested documents in a timely manner.  Reply at 2-3.  Plaintiff argues that he should receive $100.00 as attorney's fees, reasonable expenses, or to deter future misconduct by defendants.  Id. at 3.  Plaintiff explains in detail, and with supporting evidence, his efforts to obtain a response to this RFP from Defendant Arellano.  MTC; Reply.  Defendant admits that her response was untimely but explains that the request was inadvertently miscalendared, that defense counsel responded to all of Plaintiff's other discovery requests in this case served at approximately the same time, that defense counsel misunderstood Plaintiff's meet and confer efforts, and that defense counsel produced all of the responsive documents as soon as they were obtained.  Findley Decl. at ¶¶ 2-7.

      Fed. R. Civ. P. 37(a)(5)(A) states that if a motion to compel is granted or discovery is provided after the filing of a motion to compel,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment

---

[1] This letter went unanswered prompting Plaintiff to send defense counsel a second letter on February 2, 2021.  Plaintiff's Decl. at ¶ ¶ 4-5.

if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

The Court denies Plaintiff's request for monetary sanctions.  First, Plaintiff filed his motion after receiving notice from Defendant that Defendant would produce the requested logs but before Defendant actually produced the logs.   Second, the Court finds an award of expenses to be unjust under these circumstances because there was a miscommunication between Plaintiff and defense counsel, defense counsel produced the responsive documents as soon as possible after the confusion was clarified, and the delay in producing the documents did not prejudice Plaintiff.  Third, the statutory sanctions are designed to reimburse the movant's reasonable fees incurred in filing the motion and, here, Plaintiff is representing himself, has not incurred any costs, and is not eligible to receive sanctions under Fed. R. Civ. P. 37.  See Rosenblum v. Blackstone, 2020 WL 8515207, at *2 (C.D. Cal., Feb. 28, 2020) ("Plaintiff, a pro se prisoner, cannot obtain monetary sanctions under Rule 37(b), and Plaintiff has not demonstrated he incurred any costs in connection with the matter") (citing Brown v. Stroud, 2012 WL 2709058, at *7 (N.D. Cal. July 6, 2012) (pro se party cannot obtain monetary sanctions under Rule 37(b)); Pickholtz v. Rainbow Technologies, Inc., 284 F.3d 1365, 1375-76 (Fed. Cir. 2002) ("Rule 37 does not empower the district court to award attorney fees to a pro se plaintiff"; "[w]e do not believe the Ninth Circuit, which had not ruled on the issue, would conclude otherwise...."); and Bird v. Mayhew, 2016 WL 374555, at *7 (E.D. Cal. Feb. 1, 2016) (on motion to compel, pro se prisoner plaintiff not entitled to attorney's fees or costs when he had not shown he incurred any costs)).

**IT IS SO ORDERED**.

Dated:  4/6/2021

Hon. Barbara L. Major
United States Magistrate Judge